IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

LARRY CURLS,

        Plaintiff,

vs.                                 **Case No. 10-4028-RDR**

CITY OF TOPEKA,

        Defendant.

## MEMORANDUM AND ORDER

I. INTRODUCTION

Plaintiff, appearing _pro se_, has filed a complaint which alleges the following facts:

> On June 11, 2009, officers M. Tolbert, G. Pert, and C. Sturgeon took the plaintiff['s] keys illegal to his vehicle without plaintiff['s] consent. Officer C. Sturgeon, then handed the plaintiff['s] keys to Contessa Davis to seizure some belonging that was in the plaintiff['s] vehicle. The plaintiff was in the Shawnee County jail and didn't know that the officer[s] had his keys or the facts that the officer[s] went into the plaintiff['s] vehicle.

Doc. No. 1 at p. 7. Plaintiff suggests that these actions constituted a violation of rights protected by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution. Plaintiff specifically claims that defendant violated his rights to due process and the equal protection of the laws.

This case is before the court upon defendant's motion to dismiss. Doc. No. 9. Defendant contends that plaintiff's complaint should be dismissed pursuant to FED.R.CIV.P. 12(b)(6) for

failure to state a claim.

II. PRO SE STANDARDS

Because plaintiff is proceeding pro se, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If plaintiff's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements. Id. However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Id. For that reason, the court shall not supply additional factual allegations to round out a plaintiff's claims or construct a legal theory on his behalf. See Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III. RULE 12(b)(6) STANDARDS

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & 570 (2007). "Plausibility" does not mean "likely to be true." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so

general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "The complaint 'does not need detailed factual allegations'" to surmount a motion to dismiss for failure to state a claim. Christy Sports, LLC v. Deer Valley Resort Co., 555 F.3d 1188, 1191 (10th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable and that recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (interior quotations omitted). However, "the complaint must give the court reason to believe that [the plaintiff] has a reasonable likelihood of mustering factual support of [the plaintiff's] claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "[A]llegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." Bryan v. Stillwater Board of Realtors, 578 F.2d 1319, 1321 (10th Cir. 1977).

When deciding a motion to dismiss under FED.R.CIV.P. 12(b)(6), courts have broad discretion in determining whether or not to

3

accept materials beyond the pleadings. <u>Lowe v. Town of Fairland</u>, 143 F.3d 1378, 1381 (10th Cir. 1998). In this case, plaintiff has presented materials outside the pleadings in his response to the motion to dismiss. Doc. No. 11. Plaintiff has also asked the court for leave to file new evidence. Doc. No. 16. The court has decided not to accept materials beyond the pleadings in judging the motion to dismiss. Therefore, the motion for leave to file new evidence shall be denied.

IV. PLAINTIFF'S CLAIMS

Plaintiff is alleging constitutional violations. We assume for the purposes of our analysis that plaintiff is bringing his claims under 42 U.S.C. § 1983. Section 1983 permits a recovery for constitutional violations caused by persons acting under color of state law. <u>Ellis ex rel. Estate of Ellis v. Ogden City</u>, 589 F.3d 1099, 1101 (10th Cir. 2009).

   A. <u>Unreasonable seizure</u>

The Fourth Amendment to the Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." This protection is extended against the actions of state and local governments through the Fourteenth Amendment to the Constitution. <u>Maryland v. Pringle</u>, 540 U.S. 366, 369 (2003). A "seizure" of property occurs whenever "there is some meaningful interference with an individual's possessory interests in that property."

4

Soldal v. Cook County, Illinois, 506 U.S. 56, 61 (1992). A plaintiff must not only show that a seizure occurred, but also that the seizure was unreasonable. Brower v. County of Inyo, 489 U.S. 593, 599 (1989). All Fourth Amendment claims are reviewed for objective reasonableness because the subjective intent of the defendant is irrelevant. Id. at 598.

Plaintiff alleges that while he was in jail, police officers handed his keys to Contessa Davis so she could enter his car and retrieve a belonging. Plaintiff does not allege that he was deprived of any property or that he could have made use of the keys at the time the police gave them to Contessa Davis. Plaintiff also does not allege that he was denied the keys when he was released from jail.

The court concludes that plaintiff's claim that, while he was in jail, police officers allowed his keys to be used so Contessa Davis could retrieve something from plaintiff's car, is not a plausible allegation of an unreasonable seizure in violation of the Fourth Amendment. See U.S. v. Edwards, 415 U.S. 800, 802-04 (1974) (police may take possession of personal property in possession of an arrestee when the arrest occurs outside of a home); Colorado v. Bertine, 479 U.S. 367, 372 (1987) (after arrest police may conduct inventory search to protect owner's property, protect police against claims of lost or stolen property, and protect police from potential danger); U.S. v. Turner, 28 F.3d 981, 983 (9th Cir. 1994)

5

cert. denied, 513 U.S. 1158 (1995) (clothing seized upon arrest may be removed and transferred by police without a warrant); U.S. v. Thompson, 837 F.2d 673, 674 (5th Cir.) cert. denied, 488 U.S. 832 (1988) (arrestee has no reasonable expectation of privacy in keys taken from him for inventory); U.S. v. Battle, 1997 WL 447814 (D.Kan. 1997) aff'd, 1999 WL 596966 (10th Cir. 1999) (one week after arrest, police may use keys taken during the arrest to determine whether keys fit the locks of crack houses); Hickombottom v. City of Chicago, 739 F.Supp. 1173, 1179 (N.D.Ill. 1990) (seizure of apartment keys from arrestee and use of keys to open apartment in search of a gun is not unconstitutional). Plaintiff does not allege that property other than his keys was seized by the City of Topeka or persons working for the City of Topeka. The seizure and use of the keys while plaintiff was in jail does not constitute an unreasonable seizure under the facts alleged in the complaint.

B. Due Process

The Fifth and Fourteenth Amendments to the Constitution provide that property will not be taken from persons without due process of law. However, the Due Process Clause only applies when the property interest is more than de minimus. Goss v. Lopez, 419 U.S. 565, 576 (1975); Fuentes v. Shevin, 407 U.S. 67, 86 (1972); see Kennedy v. City of Cincinnati, 595 F.3d 327, 335 (6th Cir. 2010) (loss of $10 pool pass is de minimis); Wilson v. Collins, 517 F.3d 421, 429-30 (6th Cir. 2008) (collection of blood from prisoner for

DNA test and retention of DNA profile does not violate due process). Plaintiff does not allege that he was permanently deprived of property by the City of Topeka or persons working for the City of Topeka. There is no allegation that when plaintiff was released from jail his keys were not returned.

The loss of property alleged in the complaint is <u>de minimus</u>. Therefore, no due process violation is stated.

    C. <u>Sixth Amendment</u>

The Sixth Amendment to the Constitution protects a defendant's right to a speedy and public trial and various rights associated with a trial, such as the right to assistance of counsel, the right to subpoena witnesses and the right to an impartial jury. None of the allegations in the complaint suggest a violation of the Sixth Amendment to the Constitution.

    D. <u>Equal protection</u>

The Fourteenth Amendment protects persons from the denial of the equal protection of the laws. To demonstrate such a violation plaintiff must allege a discriminatory effect and a discriminatory motivation. See <u>Wayte v. U.S.</u>, 470 U.S. 598, 608 (1985) (analyzing a selective prosecution claim under equal protection standards); <u>Hennigh v. City of Shawnee</u>, 155 F.3d 1249, 1257 (10th Cir. 1998) (an allegation that plaintiff was treated differently from those similarly situated is an essential element of an equal protection action). There are no allegations of discriminatory effect or

7

motivation in the complaint. Therefore, plaintiff has failed to allege an equal protection violation.

V. CONCLUSION

Judging this matter on the basis of the allegations made in plaintiff's complaint, the court concludes that plaintiff has failed to state a valid legal claim under the standards applied to motions brought under FED.R.CIV.P. 12(b)(6). The court shall grant defendant's motion to dismiss unless plaintiff files an amended complaint which states a plausible claim for relief within 30 days of the date of this order. See Hall, 935 F.2d at 1110 n.3 (pro se litigants should be given a reasonable opportunity to remedy the defects in their pleadings). The court denies plaintiff's motion for leave to file new evidence. If there are facts missing from the original complaint which would allow plaintiff to state a valid claim for relief, then plaintiff should state those facts in an amended complaint.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge